Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL WAYNE PHILIP,<br><br>    Defendant. | Case No. 3:06-cr-00056-JWS<br><br>**MEMORANDUM IN SUPPORT OF SECOND MOTION TO DISMISS INDICTMENT** |

**I. INTRODUCTION**

The government has charged Daniel Philip with a violation of 18 U.S.C. § 922(g)(8), possession of guns by someone subject to a particular court order. The crime, as defined by statute, does not apply to a person subject to ANY court order, but only to those persons subject to a court order which meets all of three (3) specified criteria. The government must prove that the court order in question:

  (A) was issued after a hearing at which such person received actual notice, and at which such person had an opportunity to participate;

>> (B)    restrains such person from harassing, stalking, or threatening an intimate partner of such person . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner . . .; AND
>
>> (C)(I)   includes a finding that such person represents a credible threat to the physical safety of such intimate partner . . .; or
>
>> (ii)    by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner . . . that would reasonably be expected to cause bodily injury . . . .

The defense incorporates the statement of facts from the First Motion to Dismiss Indictment.

## II.  REQUIREMENT OF THE FEDERAL STATUTE ARE NOT MET BY THE RECORD IN THIS CASE.

The federal requirements for the court order are specific, and do not include all domestic violence restraining orders. The reach of the Alaska domestic violence laws and orders is broader than the federal requirements. People can get DV orders in Alaska which do not meet the § 922(g)(8) criteria. In this case, based on the orders of the state magistrate in favor of Rebekah Bauer against Daniel Philip (Exhibit A to this memorandum) and the transcript of the January 30 domestic violence petition hearing in Alaska district court (attached to First Motion to Dismiss Indictment as Exhibit C), the government cannot prove that the requirements of federal law are met.

First, Mr. Philip did not receive "actual notice" of the allegations. He received no notice that he had made an allegedly improper telephone call to Stacy Phelps. The

original ex parte petition, filed January 10, 2006, alleged two incidents of violent conduct, one on August 4, 2005, and one on December 21, 2005.  The telephone call to Stacy Phelps, which was the basis of the magistrate's order, was not mentioned prior to the January 30 hearing.  Mr. Philip came to the hearing unprepared to meet this allegation.  He did not even know that Stacy Phelps was involved in the case.

Second, Mr. Philip did not have a meaningful opportunity to participate in the hearing with reference to the telephone call.  Although the magistrate let Mr. Philip explain at some length about the two allegations of violence (which she dismissed), she did not permit meaningful input from Mr. Philip with reference to the telephone call.   She did not even let him present a witness, Denise Stewart, who heard Mr. Philip's side of the conversation and who could refute Stacy Phelps' version.  (Transcript, pp. 15, 16)

Third, the order in this case did not restrain Mr. Philip from mistreating an "intimate partner."  Rebekah Bauer, the DV petitioner, was a disgruntled ex girlfriend.  She and Mr. Philip separated six months before the restraining order.  She was not a current "intimate partner."  The federal statute does not include "former partners" in the definition.  The federal statute defining criminal conduct must be strictly construed.  United States v. Gourd, 440 F.3d 1065, 1081 n.7 (9th Cir. 2006).

In contrast, the Alaska law prohibits domestic violence between persons who "have lived" together and persons who "have had a dating relationship."  The Alaska prohibition theoretically could reach a prostitute whom the respondent romanced ten years earlier.  It could reach a "first date" fifteen years before.  Because the federal definition attempts to create a due process bar, analogous to the actual conviction for a crime of

domestic violence described in 18 U.S.C. § 922(g)(9), the broad prohibitions in the Alaska law and orders do not fit the federal definition.

### III.  CONCLUSION

For the foregoing reasons, the defense requests this court to dismiss the charges because the proceedings and order here do not, as a matter of law and uncontroverted fact, fit the requirements of the federal statute charged by the prosecution.

DATED this 9th day of August 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
Alaska Bar No. 7605057
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:         907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:

I certify that on August 9, 2006,
a copy of the *Memorandum
in Support of Second Motion to Dismiss
Indictment* was served electronically
on:

David A. Nesbett, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter

Case No. 3:06-cr-00056-JWS                                                                                        Page 4