NELSON COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DANIEL WAYNE PHILIP,<br><br>    Defendant. | Case No. 3:06-cr-00056-JWS<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS INDICTMENT** |

I.   Introduction

The United States, by and through counsel, hereby responds to the defendant's motions to dismiss the indictment in this case, which charges the defendant with unlawfully possessing a firearm while subject to a domestic violence protective order.

In his first motion to dismiss, the defendant first argues that the issuance of the domestic violence protective order violated the Fifth Amendment due process clause and, second, challenges the constitutionality of Section 922(g)(8) of Title 18, United States Code, as regards the Tenth Amendment and the Commerce Clause. In his second motion to dismiss, the defendant argues that the government has not met the specific requirements of the statute.

The defendant's arguments and challenges are without merit and, therefore, the government opposes the defendant's motions.[1]

II.   Statement of Facts

On January 31, 2006, a Domestic Violence Protective Order was issued to protect a victim from a former relationship, Ms. Bauer, from the defendant, Daniel Philip. Defendant's Exhibit B at 1. The order was to remain in effect for one year and, thus, the defendant was subject to that order at the time of this incident. Id. at 6. The court found by a preponderance of the evidence that the relationship between Ms. Bauer and the defendant was that of persons who live together or who have lived together. Id. at 1. The court further found by a preponderance of the evidence that the defendant had committed a crime of domestic violence against Ms. Bauer. Id. The defendant had received notice of the DVPO hearing, appeared

---

[1] The defendant's motions are similar in nature and in substance and, thus, the government intends to address them both herein.

at the hearing, and was given the opportunity to be heard. Id. The court found that the defendant represented a credible threat to the physical safety of Ms. Bauer. Id. The order restrained the defendant from harassing, stalking, or threatening the victim. Id. at 2. The order explicitly prohibited the defendant from possessing a firearm or ammunition. Id. at 5. Finally, notice was provided in the order for modification or termination of the order. Id. at 6.

On May 11, 2006, at approximately 3:15 a.m., the Anchorage Police Department received a 911 telephone call from May Davis. Davis advised that moments earlier she had been delivering newspapers in a cul-de-sac on Baxter Terrace Circle when a person from one of the residences shot at her. Upon arrival at the scene, officers observed a bullet hole in the metal door frame on the driver's side of the vehicle. Davis told officers that the bullet had struck the vehicle next to her head as she was getting in the car.

Davis directed Officers to the house from which the shots were fired. Officer Moeller knocked on the front door of the residence and the defendant answered the door. The defendant denied shooting a gun at anyone, but if he had it would have been to scare the person. The defendant's new girlfriend, Ms. Stewart, was unable to confirm or deny hearing any shots. When interviewed, the defendant's neighbor confirmed that the defendant had told him, "I shot at them."

At approximately 6:00 a.m. that morning, officers obtained a state search warrant for the defendant's residence. During the search for firearms and ammunition inside the residence, the officers seized two rifles, a magazine for a .40 caliber handgun containing four cartridges, as well as a Smith and a Wesson .40 caliber handgun.

The defendant and Ms. Stewart were taken to the police station for questioning by detectives. Officer Anderson advised the defendant of his Miranda rights and he agreed to an interview. Philip said his girlfriend, Ms. Stewart, woke him up saying someone was outside. Philip said he looked outside and saw a car parked in the middle of the cul-de-sac. The driver of the car got out and ran to several of his neighbor's houses. Philips then retrieved his .40 cal Glock and said he yelled at the person to stop, but the person continued running and got into the car to drive away. As the car passed by his house, Philips admitted to the officers that he had fired one shot. Philip said he was not aiming at anything, he just fired in defense of himself and his neighbors. After the incident he woke up his neighbor and told him what had happened. The defendant admitted possession of all three firearms recovered pursuant to the search warrant.

III.  Philip's First Motion to Dismiss the Indictment

The defendant makes three arguments: first, the Fifth Amendment due

process clause precludes the government from relying on the domestic violence protective order to establish a violation under 18 U.S.C. § 922(g)(8); second, the statute itself violates the Tenth Amendment; and third, the statute also violates Article I, § 8, clause 2, of the United States Constitution, or the Commerce Clause. Defendant's First Motion to Dismiss Indictment at 2.

    A.    <u>The Statute</u>

Title 18, Section 922, United States Code states in part:

> (g) It shall be unlawful for any person –
>
> > (8) who is subject to a court order that –
> >
> > > (A) was issued after a hearing of which such person received actual notice and at which such person had an opportunity to participate;
> > > (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaged in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> > > (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> > > (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

"Intimate partner" is defined in the statute:

> The term "intimate partner" means, with respect to a person, the

spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or *has cohabitated with the person.*

18 U.S.C. § 921(a)(32) (emphasis added).

    B.    <u>Argument</u>

        1.    <u>The Due Process Clause Was Not Violated</u>

Nearly word for word, the Domestic Violence Protective Order issued on January 30, 2006, tracks the language of Section 922(g)(8). Section 922(g)(8)(A) requires that the protective order be issued only after a hearing wherein the defendant received actual notice of the hearing and been given the opportunity to participate at the hearing. Here, the defendant received actual notice of the hearing, as evidenced by the fact that he appeared at the hearing, and he was given the opportunity to be heard at the hearing. <u>See</u> Defendant's Exhibit C, Transcript of Proceedings; <u>see</u> <u>also</u> Defendant's Exhibit B at 1, ¶ 3. Pursuant to Section 922(g)(8)(B), the protective order must restrain the defendant from "harassing, stalking, or threatening" the victim. Here, the defendant was restrained from threatening, stalking or harassing Ms. Bauer. Defendant's Exhibit B at 2, ¶ 1.a. Also, under the same subsection of the statute, the victim has to have been an "intimate partner" of the defendant, i.e., the victim and the defendant had at some point cohabitated. <u>See</u> 18 U.S.C. § 921(a)(32). Here, the court found that the

relationship between the victim and the defendant was one of persons who have lived together. Id. at 1, ¶ 1.b. Moreover, under Subsection (g)(8)(B), the order must restrain the defendant from harassing, stalking or threatening the victim, as mentioned above, *or* restrain the defendant from engaging in other conduct that would place the victim in reasonable fear of bodily injury to the victim. Here, the defendant was restrained from threatening to commit, or committing, acts of domestic violence against Ms. Bauer, which would include, of course, conduct that would place Ms. Bauer in reasonable fear of bodily injury. Id. at 2, ¶ 1.a.

Pursuant to Section 922(g)(8)(C)(i) and (ii), the order must further include a finding that the defendant represents a credible threat to the physical safety of the victim or by its terms explicitly prohibit the attempted or threatened use of force against the victim that would reasonably be expected to cause physical injury. Here, the protective order explicitly found that, not only had the defendant committed a crime involving domestic violence against Ms. Bauer, but the defendant also represented a credible threat to her physical safety. Id. at 1, ¶¶ 2 and 4. All the requirements of the statute have been clearly met.

The defendant argues four points: first, he was not advised that his right to possess firearms was at issue; second, he was not given a full and fair opportunity to be heard; third, he was never advised he could appeal the ruling; and four, the

evidence presented at the hearing was insufficient to sustain the court's finding that he had committed a crime of domestic violence against Ms. Bauer.

A review of both the protective order and the transcript of the hearing indicates that in fact he was advised that his right to possess firearms was affected, Defendant's Exhibit B at 5, he was given a full and fair opportunity to participate at the hearing, Defendant's Exhibit C, he was advised he could seek to modify or end the protective order, Defendant's Exhibit B at 6, and, indeed, the court possessed sufficient information to find that the defendant had committed a crime of domestic violence, Defendant's Exhibit C.

Regardless, it is not for this court to consider whether the procedural protections in the underlying protective order satisfy due process. In <u>United States v. Young</u>, 2006 WL 2371887, (9th Cir. March 8, 2006), the Court considered the conditions under which federal criminal law prohibits an individual from possessing a firearm if he is the subject of a state domestic violence restraining order. Young argued that the statute, 18 U.S.C. § 922(g)(8), requires a state court hearing to meet the traditional requirements of due process. The Court disagreed with Young and concluded that "it is no defense to a prosecution under the statute that the state restraining order proceedings were unconstitutional." <u>Id.</u> at *4. To hold otherwise, or to limit the scope of Section 922(g)(8) to a *valid* restraining

order, would be at odds with the statutory scheme as a whole. Id. The Court states:

> Simply, absent Congressional authorization, we will not entertain a collateral inquiry into the constitutionality of the state court restraining order proceedings which is immaterial except to the extent that the federal statute explicitly requires certain procedural protections.

Id. at *5.

The Court went on to specifically consider the statutory meaning of the term "hearing." The Court first resisted the attempt by the defendant to impose greater substantive content on the term "hearing." Id. at *5. "[W]e do not find any basis in the statute for requiring that the restraining order issue after a proceeding with all the due process protections of a criminal trial." Id. The Court then concluded that the term "hearing" by its plain meaning simply refers to a proceeding of which the defendant has actual notice and an opportunity to participate. Id. Nothing more is required.

The Court further considered the requirement that a defendant receive "actual notice" of the hearing. Id. at *6. The Court concluded that the statute does not require notice of the *content* of the hearing or of the fact that a restraining order would issue, nor does it require any other form of advance notice. Id. "Indeed, Congress chose to modify 'notice' with 'actual' rather than 'advance,' implying

that it did *not* intend to require 'advance' notice." Id; see also United States v. Kafka, 222 F.3d 1129 (9th Cir. 2000) (conviction under Section 922(g)(8) did not violate defendant's due process rights, even though only his possession of the firearm was knowing; he did not know that his possession violated the statute under which he was convicted).

Philip's argument here, therefore, is immaterial to the decision of whether the requirements of the statute have been satisfied. His reliance on United States v. Mendoza-Lopez, 481 U.S. 828, 834 (1987), is misplaced as it concerns a civil order in the immigration context. As discussed, upon review of both the order itself and the transcript of the proceedings, all of the requirements of the statute have indeed been satisfied and the due process rights of the defendant were not violated.

    2.    The Statute is Constitutional

The defendant argues that Section 922(g)(8) of Title 18, United States Code, violates the Tenth Amendment and the Commerce Clause. As noted in his Notice of Errata, the Ninth Circuit has previously held that the statute prohibiting gun possession by those subject to a domestic violence restraining order, or Section 922(g)(8) of Title 18, United States Code, was not unconstitutional under either the Tenth Amendment or the Commerce Clause. United States v. Jones, 231 F.3d 508

(9th Cir. 2000); accord United States v. Wilson, 159 F.3d 280 (7th Cir. 1998).  The government perceives no reason to discuss the issue further.  The government respectfully reserves the right to supplement this argument, however, in the event that the court deems it appropriate.

    C.    Conclusion

A review of the protective order and the transcript reveals that the protective order carefully tracked the language of the statute.  The defendant was subject to a court order that was issued after a hearing of which he had received actual notice and at which he had the opportunity to participate.  The order restrained the defendant from harassing, stalking, or threatening Ms. Bauer, a woman with whom he had previously cohabitated, and restrained him from engaging in other conduct that would place Ms. Bauer in reasonable fear of bodily injury.  The court further found that the defendant represented a credible threat to the physical safety of Ms. Bauer.  The requirements of the statute, therefore, were satisfied and the defendant's first motion should be denied.

IV.    Philip's Second Motion to Dismiss the Indictment

In his second motion to dismiss the Indictment, the defendant argues that he did not receive "actual notice" of the allegations.  "The telephone call . . . was not mentioned prior to the January 30 hearing.  Mr. Philip came to the hearing

unprepared to meet this allegation." Defendant's Second Motion to Dismiss Indictment at 3. As previously discussed, the term "actual notice" has not been interpreted by the Ninth Circuit to mean "advance notice." Young, 2006 WL 2371887 at *6. The plain meaning of the term "actual notice" controls. Here, the defendant appeared at the hearing and participated. He, therefore, had received actual notice of the hearing. Furthermore, the protective order indicates that the defendant received actual notice. Nothing more is required.

The defendant also argues that he did not have a "meaningful" opportunity to participate in the hearing. Defendant's Second Motion to Dismiss Indictment at 3. Again, as mentioned above, what is required by the statute is that the defendant have the opportunity to participate at the hearing. The term is not ambiguous in this context. See United States v. Lippman, 369 F.3d 1039, 1042 (8th Cir. 2004) (a hearing requires actual notice and an opportunity to be heard, but the statute does not require that evidence actually have been offered or witnesses called). Here, the defendant had the opportunity to be heard at the hearing and, in fact, participated during the hearing as indicated by a review of the protective order and a reading of the transcript. Again, that is all that is required by the express terms of the statute.

Finally, the defendant argues that Ms. Bauer was not an intimate partner. The definition of "intimate partner" includes a person who "has cohabitated" with

the defendant. 18 U.S.C. § 921(a)(32). Here, Ms. Bauer clearly had at one time lived with the defendant because he claims it was he who asked Ms. Bauer to move out and take her things with her. Indeed, one of the incidents that led to the issuance of the protective order concerned a meeting between Ms. Bauer and the defendant at his residence in an attempt to retrieve her belongings. In addition, the court found by a preponderance of evidence that the relationship between the defendant and Ms. Bauer was that of persons who had lived together. Defendant's Second Motion to Dismiss Indictment, Exhibit A at 1. Again, the requirements of the statute have been satisfied.

V.      Conclusion

Based on the foregoing, the requirements of Title 18, United States Code, Section 922(g)(8) have been satisfied. Furthermore, the statute itself is not unconstitutional. The defendant's motions should be denied.

RESPECTFULLY SUBMITTED this 23rd day of August, 2006, in Anchorage, Alaska.

NELSON COHEN
United States Attorney

s/David Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2006,
a copy of the foregoing was served by electronic notice on:

Sue Ellen Tatter

s/ David A. Nesbett