Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL WAYNE PHILIP,<br><br>Defendant. | NO. 3:06-cr-00056-JWS<br><br>**OBJECTIONS TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE REGARDING MOTIONS TO DISMISS** |

The defendant, DANIEL WAYNE PHILIP, through counsel, makes the following factual and legal objections to the magistrate judge's report filed August 28, 2006 (Docket No. 36), regarding Mr. Philip's First Motion to Dismiss Indictment (Docket No. 22) and his Second Motion to Dismiss Indictment (Docket No. 25).

1.       On page 4 of the report, there is a statement that the law in question, 18 U.S.C. § 922(g)(8), requires notice of the hearing, not notice of the theory or the evidence to be presented.  But, under the due process clause, notice means "meaningful notice" of the changes.  Here notice of the hearing was the ex parte restraining order served on Mr. Philip.  This order alleged two prior incidents, of which Mr. Philip had notice

and defended successfully. However, at the January 30 hearing, the magistrate and petitioner added a third charge, which was a surprise to Mr. Philip. He had notice of the hearing, but no notice of the actual charge the magistrate would consider. This notice was deficient under the due process clause.

2. On page 5 of the report, the court notes that the restraining order issued by Magistrate Cole on January 30 did not preclude Mr. Philip from possessing a firearm. This omission rendered the order insufficient under 18 U.S.C. § 922(g)(8) and the due process clause to support a federal firearms charge.

3. On page 6 of the court's report, the magistrate judge states that "The opportunity to be heard in the instant prosecution satisfies due process of law. Such opportunity need not have been provided in the domestic violence hearing." This is an incorrect statement of the law as described by the United States Supreme Court in <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828 (1987). Regardless of the express requirements of the statute, § 922(g)(8), not every DV order from any justice of the peace or district court anywhere can support the federal prosecution. The underlying DV order must have due process guarantees comparable to the other disability conditions, such as a criminal felony conviction, a civil commitment order, an arrest warrant for fugitive status, etc.

In Mr. Philip's DV hearing, his witness, Denise Stewart, who could have exonerated him on the alleged telephone threat – since she heard Mr. Philip's side of the conversation – was expressly prevented from testifying. In essence, the state magistrate heard the petitioner's witness about the "threat" and refused to hear the respondent's witness who heard the same remarks from the same person. This injustice rendered the

state DV proceedings insufficient under the federal due process clause to support the federal prosecution. (The court's factual interpretation on page 11 of the report – that Denise Stewart was in the cul-de-sac or somewhere else when the threat was made – is not correct.)

At the time of the disputed phone call, Denise Stewart was in the same room with Daniel Philip. Denise, who heard Daniel Philip's statements on the phone call, could not hear what Stacy Phelps, petitioner's witness, said on the phone call. But Denise, Philip's witness, was in the exact same position as Stacy Phelps, respondent's witness, to hear Daniel's words. Yet the magistrate refused to let Denise testify in the context of the dispute about the phone. (January 30 transcript, pages 15-16.)

4. Page 7 claims that Mr. Philip received notice of his right to appeal. However, counsel has located no indication either in the transcript of the January 30 hearing or the DV order about the right of "appeal" to a higher court. (Exhibits B and C to Philip's Motion to Dismiss.) Page 6 of the DV order does state that either party "may ask the court to change or end this order. A form for making this request (form DV-135) is available at the court clerk's office." A modification from "the court" suggests the current magistrate court. It is not the same thing as notification of a right to appeal to a higher court. Also, pages 18-20 of the transcript indicate that Magistrate Cole, at the close of the hearing, asked both parties if they wanted any changes to her proposed order. "Changes" in temporal or geographical restrictions in the lower court do not provide the same due process as the right to appeal to a higher court.

5. At the end of page 7, the magistrate refers to "Sandra Philip." The defense believes the magistrate means "Stacy Phelps," the person who testified about the phone call.

6. The defense objects to the magistrate's conclusion on page 9 that the January 30 hearing and order comported with due process. The defense believes the January 30 hearing violated due process and that it was fundamentally unfair. The state magistrate refused to hear from a defense witness who could have refuted Stacy Phelps' version of the alleged "threat." Further, Mr. Philips was not given notice of the charges against him nor of his right to appeal to a higher court. These problems denied him due process. The basic principle of Mendoza-Lopez has weight outside the immigration context and represents mainstream due process law.

7. In the middle of page 10, the report has some facts wrong. The January 6 domestic violence hearing, based on Ms. Bauer's petition, was held ex parte (Exhibit A to the defense motion). Then Ms. Bauer's petition and ex parte order were served on Mr. Philips. Neither contained notice of the charge about the phone call. Later, on January 30, the court held a hearing with both parties present.

8. On page 11, the court has the facts wrong about the magistrate's refusal to hear Ms. Stewart. The magistrate refused to hear any witnesses on the cul-de-sac incident because she did not find a violation. But she also refused to hear Denise Stewart on the issue of the phone call, where she was present for Mr. Philip's conversation, which was the subject of Ms. Phelps' testimony.

DATED this 1st day of September, 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
Alaska Bar No. 7605057
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:       907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:

I certify that on September 1, 2006,
a copy of the ***Objections to Report
and Recommendations of Magistrate
Judge Regarding Motions to Dismiss***
was served electronically on:

David Nesbett, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter