UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>DANIEL WAYNE PHILIP,<br><br>        Defendant. | 3-06-cr-00056-JWS-JDR<br><br>**FINAL RECOMMENDATION REGARDING MOTIONS TO DISMISS INDICTMENT**<br><br>(Docket Nos. 22, 25) |

Objections to the magistrate judge's Initial Report and Recommendation addressing the defendant's motions to dismiss have been filed by defendant **Daniel Wayne Philip**. Docket No. 37. No reply to the objections has been filed. Upon due consideration of the objections the magistrate judge declines to modify the recommendation that the motions to dismiss be denied.

In his objections Philip repeats his arguments set forth in his supporting memoranda. He acknowledges that he had notice of the hearing before the state

magistrate but argues that he had no notice of the "actual charge" the magistrate would consider determinative. He contends that he should have received prior notice that the magistrate would consider an alleged threatening phone call made by Philip as part of the basis for the domestic violence restraining order. Philip was on notice that the basis for the protective order was threats made by him against the petitioner Rebekha Bauer. He was not denied fundamental due process as he argues. He was provided an opportunity to be heard at a meaningful time and in a meaningful manner.

Philip argues that his state hearing violated his constitutional right to due process as described in United States v. Mendoza-Lopez, 481 U.S. 828 (1987).[1] Mendoza-Lopez was a Mexican National who had been arrested and deported after a group hearing at which the defendants purportedly waived their rights to apply for suspension of deportation and to appeal. He came before the U.S. District Court after being arrested in the United States and indicted on charges of violating Title 8 U.S.C. § 1326. The Supreme Court held that Congress did not intend the validity of the underlying deportation order to be contestable in a § 1326 prosecution; Congress had failed to include express language in § 1326 that would have permitted a collateral challenge. The court held that Due Process requires that a

---

[1] Mendoza-Lopez was cited by Philip in his Memorandum in support of his motions to dismiss.

collateral challenge to the use of a deportation proceeding as an element of a criminal offense be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review. 481 U.S. 837-841. The court's ruling allowed Mendoza-Lopez to obtain judicial review in the subsequent proceeding in which the result of the deportation proceeding was used to establish an element of a criminal offense.

In this context the Recommendation in the instant case recognizes that Philip can collaterally attack his domestic violation proceeding in this criminal prosecution even though he did not raise a Due Process argument before the state magistrate. The Recommendation does not conclude that the underlying domestic violation order need not have comported with basic due process; rather the magistrate judge concludes that the state proceeding did satisfy due process of law.

Mr. Philip contends that he was denied Due Process when the state magistrate, Suzanne Cole, declined to hear testimony from Denise Stewart, who Mr. Philip claims was in the room at the time the alleged threatening conversation took place over the telephone. Before ruling on the evidentiary issue the magistrate determined that Stewart had not been present on the telephone. Transcript of Proceedings of the January 30, 2006 Hearing in <u>Bauer v. Philip</u>, Pg.16 (Exhibit C to Philip's Memoranda in Support of First Motion to Dismiss Indictment). Magistrate Cole chose to disbelieve Mr. Philip's testimony that he did not make the statements

to Stacy Phelps. Tr. pg. 17.[2] The evidentiary rulings by Magistrate Cole did not deny Philip the process he was due.

The Recommendation that the court deny the first and second motions to dismiss the indictment shall now be forwarded to the assigned District Judge for his determination.

DATED this 11th day of September, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[2] The objections are correct that the Recommendation erroneously suggests that Denise Stewart was in a cul-de-sac not on the telephone when the threat was allegedly made. It was "Mr. Eisen (ph)" who Mr. Philips identified as being in the cul-de-sac. Tr. 14-15. This observation is irrelevant and is hereby omitted from the Recommendation.