Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL WAYNE PHILIP,<br><br>    Defendant. | NO. 3:06-cr-00056-JWS<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

The defendant, DANIEL WAYNE PHILIP, through counsel, presents this memorandum for sentencing scheduled on December 11, 2006.

**I.    INTRODUCTION**

Daniel Philip is a 28-year-old father and husband, with no criminal record, who made a judgment error in the middle of the night, thinking a burglar was approaching his home. He shot in the air as people, whom he perceived as intruders, left in a car. These people were actually the newspaper delivery people, although neither Mr. Philip's household nor the immediate neighbors have paper delivery. (The defense investigator

Frank Wake has researched this issue and interviewed neighbors, and can testify about sentencing if there is a dispute.)

As a result of Mr. Philip's 3:00 a.m. misjudgment, he faces a state charge for assault and a federal charge for possessing weapons while under a domestic violence restraining order. These charges both stem from the same incident on May 11.

It is the defense position that Mr. Philip should receive a deduction from his federal sentence for the state assault sentence. The state sentencing is scheduled to occur on December 8. The deduction is required by U.S.S.G. § 5G1.3(b) because the state assault is "relevant conduct" used to enhance the federal sentence under U.S.S.G. § 2K2.2(b)(5) (four-level enhancement for use of firearm in commission of another felony.) See, Paragraph 26 of pre-sentence report.

In addition, the defense requests that the court consider the exceptional circumstances of single parenthood. Mr. Philip shares custody of his two young children with his ex-wife, and is a steady and loving parent. The defense will present the testimony of Mr. Philip's mother-in-law, Judy Stewart, on the issue of the children's needs and Mr. Philip's parenting. The situation may qualify as a downward departure under the Sentencing Guidelines or as a factor under 18 U.S.C. § 3553(a).

Accordingly, the defense will request a sentence lower than the guideline range cited in the pre-sentence report.

## II.     GUIDELINE ISSUES

The defense agrees that the applicable guideline range is **17** and that the criminal history category is **I**, resulting in a guideline range of **24-30 months**. However, there is an additional guideline issue presented by the upcoming state court sentencing for the assault on the newspaper delivery people. This state sentencing is expected to occur December 8, 2006, before the federal sentencing, and to result in a sentence of approximately eight (8) months.

This court should subtract the time imposed by the state judge for the assault on the paper delivery people under U.S.S.G. § 5G1.3. The federal and state sentences are based on the same incident. The courses of conduct are intertwined. The pre-sentence report uses the state assault as "relevant conduct" to enhance Mr. Philip's sentence under U.S.S.G. § 2K2.1(b)(5).

In these circumstances, the guidelines require an "adjustment" of the federal sentence or the imposition of the federal sentence concurrently with the state sentence.

U.S.S.G. § 5G1.3(b) provides as follows:

> If subsection (a) does not apply, (regarding offenses committed on work release, furloughs, etc.) and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of (a)(1), (a)(2), or (a)(3) (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence shall be imposed as follows:
>
> (1)     the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will

> not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

The state conduct here is "relevant conduct" to the instant federal offense of conviction and was the basis for an increase in the offense level. The Bureau of Prisons will not credit the federal sentence with the time served on the state sentence.[1] In addition, the defense fears that the Bureau of Prisons will not honor an imposition of a concurrent sentence. The safe way to handle the problem is to "adjust" the federal sentence, in the words of the guideline cited above.[2] This court should deduct the state sentence from the number of months imposed by the federal court.

## III. NATURE AND CIRCUMSTANCES OF THE OFFENSES

Mr. Philip had a domestic violence restraining order against him in January 2006. This order was entered because Stacy Phelps, a friend of Mr. Philip's ex-girlfriend, claimed he made a threat over the phone about the ex-girlfriend. Mr. Philip disputed the information, but the order was entered. He tried to appeal it, but did not have the filing fee, required in state court because the matter was civil.

---

[1] This point has been raised in other sentence hearings, and the U.S. Probation officer has informed judges of the district court that the Bureau of Prisons will not credit the federal sentence. United States v. Jason Delpriore, Case No. 3:05-cr-00057-JKS.

[2] The defense counsel has experienced a similar problem with the Bureau of Prisons in United States v. Matthew Bauer, Case No. 3:05-CR-0004-RRB.

On May 11, 2006, Mr. Philips was sound asleep at about 3:00 a.m. He heard a noise outside, and immediately thought of recent burglaries in the neighborhood. He looked out the window and saw a figure in his driveway. He did not think about paper delivery because neither he nor his close neighbors have paper delivery. He shouted at the person to leave, and grabbed a gun. As the people were leaving in a vehicle, he fired a shot in the air as a warning. It hit the top of the vehicle.

Although the possession of the weapons is not justified solely by self-defense, since Mr. Philip acquired and possessed them before he was confronted with the suspected burglar, this is not an offense of gratuitous violence or connection with a pattern of illegal behavior. There is a single incident resulting from fear and panic. In addition, Mr. Philip's guideline level reflects a serious enhancement of four levels for this conduct, resulting in a guideline sentence much greater than simple possession. Thus, the prosecutor's claim that a high end sentence is necessary to reflect the danger here is not valid. The danger is amply addressed by the increase in the offense by four levels for the assault.

### IV.   HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Daniel Philip is a conscientious, admirable young man. He never knew his father, and his mother abandoned the family when Daniel was about 14. As the oldest, Daniel cared for the three younger siblings, worked to support the family, and managed to graduate in the middle of his Service High School class. The defendant's younger brother Michael Berg has verified the situation.

Mr. Philip has worked consistently since he was 16 despite serious injuries to his knee and back. He has sold fast food, done maintenance work, repaired mufflers, installed tires, handled baggage, done security work and driven tow trucks. He married his high-school sweetheart at a young age and had two children, Daniel (6) and Taylor (5). He has an amicable relationship with his ex-wife Carrie and shares custody. The children spend much time with their father. Daniel Philip and his new wife Denise Stewart shoulder the greater part of parenting responsibilities such as school, medical care and activities. Judy Stewart, Mr. Philip's mother-in-law, who lives with Mr. Philip and his children, will describe the current situation of the children.

Significantly, Mr. Philip has no criminal record.

The defendant's history and characteristics appear to warrant a sentence at the lower end of any applicable range, with some deduction for his parenting responsibilities. He made a major error in May of 2006, but he does not demonstrate a pattern of anti-social behavior or even a pattern of bad judgment.

Mr. Philip has performed well for about six months on pre-trial release. He can clearly handle the demands of supervised release. It should be noted that all parties, including U.S. Probation, even agreed that Mr. Philip could spend his wedding night, November 11, out of third-party custody, which he did without incident.

## V.    OTHER STATUTORY FACTORS

The court must consider broad social objectives such as respect for the law, deterrence, protection of the public, rehabilitation, alternative sentences and restitution.

18 U.S.C. § 3553(a)(2).  These objectives all suggest that some prison is called for here.  But the court must make the difficult calculation of the exact prison term which recognizes these objectives but is not "greater than necessary."  Although every shot fired by a prohibited person is a concern for law enforcement, the public will not be in further danger from Daniel Philip.  He can be deterred by supervised release.  He does not need rehabilitation.  A reasonable alternative to jail here is supervision.

## VI.    CONCLUSION

The defense respectfully requests the court to deduct the state sentence imposed on December 8, 2006, from the federal sentence, or to impose the federal sentence concurrently.

The defense believes that the general sentencing facts suggest a sentence at the low end of the range or slightly below, to take into account Mr. Philip's parenting responsibilities.

DATED this 4th day of December 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on December 4, 2006,
a copy of **Sentencing Memorandum
of the Defense** was served electronically
on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and on December 5, 2006, a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Sue Ellen Tatter